# United States District Court

### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | | |
|---|---|---|
| KEENAN EDWARD LUSK and | § | |
| JANICE FAYE LUSK | § | |
| | § | |
| v. | § | Case No. 4:11cv381 |
| | § | (Judge Mazzant) |
| WELLS FARGO BANK, NATIONAL | § | |
| ASSOCIATION | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Wells Fargo Bank, N.A.'s ("Wells Fargo" or "Defendant") Motion to Dismiss or, alternatively, Motion for Summary Judgment (Dkt. #10). Having considered the relevant pleadings, the Court finds that the motion should be granted in part and denied in part.

## Background

This is a dispute over an attempted foreclosure on certain real property located at 6738 County Road 593, Nevada, Collin County, Texas (the "Property"). On or about December 16, 2004, Plaintiff Janice Lusk executed a Note (the "Note") payable to Colorado Federal Savings Bank ("Colorado Federal") in the principal amount of $224,000.00, together with interest at the rate of 7.500% per year until the full amount of principal had been paid. To secure payment of the Note, a Deed of Trust ("Deed of Trust") was concurrently executed by the Plaintiffs. The Deed of Trust encumbered the Property. Wells Fargo asserts that the Note and Deed of Trust were assigned to it on October 7, 2008. Plaintiffs dispute this.

In July 2005, Plaintiffs fell behind in making payments on the Note. The Note was in default and Plaintiffs had not cured the default. On or about May 3, 2010, an Appointment of Substitute Trustee was executed, and on or about August 30, 2010, it was filed in the public records of Collin

County, Texas, under instrument number 2010830000906240 authorizing the Substitute Trustee to proceed with any foreclosure sale related to the Property.  The last payment on the Note was made in the amount of $1,913.09 on November 23, 2010, which was due for the January 2009 payment.

On or about April 29, 2011, Wells Fargo's foreclosure counsel, Barrett Daffin Frappier Turner & Engle, LLP ("Barrett Daffin") notified Plaintiffs that they were in default pursuant to the Note and terms of the Deed of Trust and that Wells Fargo intended to accelerate the Note.  To cure the default, Plaintiffs were required to pay $55,871.97 within thirty (30) days.  Plaintiffs did not make the payment.

On June 1, 2011, Plaintiffs filed the instant lawsuit in state court asserting  claims to quiet title, that Wells Fargo violated the Texas Fair Debt Collection Practices Act, and for declaratory judgment.  On June 22, 2011, Wells Fargo removed this case to this Court (Dkt. #1).  On July 5, 2011, the Court entered its Order and Advisory, giving Plaintiffs an opportunity to file an amended complaint (Dkt. #8).  Plaintiffs did not file an amended pleading.  On September 20, 2011, Wells Fargo filed a motion to dismiss or alternative motion for summary judgment (Dkt. #10).  Plaintiffs filed a response on October 7, 2011 (Dkt. #12)  Since Plaintiffs have not complied with the Court's prior Order to file an amended complaint, the Court is not required to give Plaintiffs another opportunity to file an amended complaint, and will decide the motion based upon their state court petition.

### Summary Judgment Standard

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  Summary judgment is proper

if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment.  *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted).  The substantive law identifies which facts are material.  *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Id*. at 247.  If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case.  *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).  Once the movant has carried its burden, the nonmovant must "set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).  The nonmovant must adduce affirmative evidence.  *See Anderson*, 477 U.S. at 257.

### Rule 12(b)(6) Standard

Defendant moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions.  A Rule 12(b)(6) motion to

dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is

4

entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion.  First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1951.  Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.*  "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009).  This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).  When ruling on a motion to dismiss a *pro se* complaint, however, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (finding that because of plaintiff's *pro se* status, "precedent compels us to examine all of his complaint, including the attachments"); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  Furthermore, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

## Analysis

Wells Fargo moves for summary judgment on the following grounds: (1) Plaintiffs have no evidence to support their claim to quiet title and Plaintiffs are not entitled to the declaratory relief requested. Wells Fargo is the owner and holder of the Note, and Plaintiffs are in default under the terms of the Note and Deed of Trust and have failed to cure; (2) Plaintiffs' claim under the Texas Fair Debt Collection Practices Act ("TDCA") fails as a matter of law because foreclosure is not debt collection for purposes of the Act, and Wells Fargo did not violate the Act; and (3) Plaintiffs' Texas Deceptive Trade Practices Act ("DTPA") fails because Plaintiffs are not "consumers" as a matter of law. Wells Fargo also moves to dismiss asserting that Plaintiffs' petition fails to comply with Federal Rule of Civil Procedure 8(a).

**Suit to Quiet Title and Trespass to Try Title**

Plaintiffs assert a claim for suit to quiet title. Wells Fargo asserts that Plaintiffs' claim that Wells Fargo cannot otherwise prove that it is the owner of the Note is flawed because Wells Fargo has submitted documents and summary judgment evidence demonstrating its ownership of the Note.

To establish a claim for suit to quiet title, Plaintiffs must show the following: (1) an interest in specific property; (2) that title to the property is affected by a claim by the defendant; and (3) that the claim, although facially valid, is invalid or unenforceable. *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.–Texarkana 1991, pet denied). An adverse claim, to constitute a cloud on the title removable by the court, must be one that is valid on its face but is proved by extrinsic evidence to be invalid or unenforceable. *Id.*; *Best Inv. Co. v. Parkhill*, 429 S.W.2d 531, 534 (Tex. App.–Corpus Christi 1968, dis. w.o.j.).

6

Wells Fargo asserts that the Assignment of the Note and Deed of Trust and affidavit testimony establish Wells Fargo's ownership, and that Plaintiffs cannot present any summary judgment evidence raising an issue of material fact precluding judgment as a matter of law in favor of Defendant on both Plaintiffs' suit to remove a cloud from title to real property and their request for a declaration that Defendant is not the proper owner of the Note.

Plaintiffs assert that they discovered in their previous bankruptcy proceeding that Wells Fargo does not appear to actually own the Note or have any right to enforce the Note. Therefore, Plaintiffs filed suit in Collin County court to seek to determine whether Wells Fargo had any rights with respect to the loan.  Plaintiffs want to determine who the rightful owner of their home equity loan is so that they can be assured that payments are made to the proper party, that such payments will ultimately result in satisfaction of the note, and that the lien on their homestead will ultimately be released by the proper party.  Plaintiffs dispute the allegation that the Note and Deed of Trust were assigned to Wells Fargo on October 7, 2008.  Plaintiffs argue that the Note itself demonstrates that it has never been indorsed to Wells Fargo.

Based upon the evidence before it, the Court cannot grant summary judgment.  Wells Fargo has not submitted admissible summary judgment evidence that establishes that it owns or holds the Note.  The affidavit of Jennifer Robinson merely states that "[t]he Note and Deed of Trust were assigned to Well Fargo on October 7, 2008."  This is a conclusory statement that is inadmissible. Plaintiffs also offers evidence that suggests that the servicer of the loan is America's Servicing Company and the Investor is Credit Suisse First Boston, LLC.  Summary judgment should be denied on these claims.

7

**TDCA Claims**

Wells Fargo asserts that Plaintiffs' claim under TDCA should be dismissed based upon the following: (1) because foreclosure is not itself an act of debt collection, Plaintiffs' TDCA claim fails as a matter of law; and (2) that Wells Fargo took no action which violated the TDCA, and Plaintiffs have no evidence that Wells Fargo violated the act; and (3) that Plaintiffs have no damage, and no evidence of damage, caused by an alleged violation of the TDCA,

Plaintiffs assert that Wells Fargo has mischaracterized Plaintiffs' claims. Plaintiffs allege that Wells Fargo is not entitled to collect the Note at all, and, therefore, it has no right to accelerate, no right to demand payment, and no right to assert fees or costs, including collection fees and costs. The Court agrees, based upon what is before the Court, that Wells Fargo's motion should be denied at this time.

**DTPA**

Wells Fargo asserts that Plaintiffs' DTPA claim fails as a matter of law because Plaintiffs are not consumers. To recover under the DTPA, Plaintiffs must show: (1) the plaintiff is a consumer; (2) the defendant can be sued under the DTPA; (3) the defendant violated a specific provision of the DTPA; and (4) the defendant's violation is a producing cause of the plaintiff's damages. Tex. Bus. & Com. Code Ann. §§ 17.41-17.63; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996). To qualify as a consumer, a plaintiff must (1) seek or acquire goods or services, and (2) the goods or services purchased or leased must form the basis of the complaint. *Modelist v. Deutsche Bank Nat. Trust Co.*, No. H-05-1180, 2006 WL 2792196, at *7 (S.D. Tex. Aug.

8

25, 2006) (citing *Sherman Simon Enters., Inc. v. Lorac Serv. Corp.*, 724 S.W.2d 13, 14 (Tex. 1987)). Whether a plaintiff is a consumer under the DTPA is a question of law. *Id*. (citing *Holland Mortg. & Inv. Corp. v. Bone*, 751 S.W.2d 515, 517 (Tex. App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.)).

In evaluating whether a plaintiff is a consumer, the Court must look to the object of the transaction.  Tex. Bus. & Com. Code Ann. § 17.45; *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 567 (Tex. 1984).  In *La Sara Grain Company*, the Texas Supreme Court held that a lender may be subject to a DTPA claim if the borrower's "objective" was the purchase or lease of a good or service.  *La Sara Grain Co.*, 673 S.W.2d at 567.  However, a person whose objective is merely to borrow money is not a consumer because the lending of money does not involve either the purchase or lease of a good or service.  *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980).

In the present case, it is undisputed that Plaintiffs' claims arise out of a loan and do not involve the purchase or lease of either goods or services.  Plaintiffs did not seek to purchase or lease any goods or services from Defendant.  Therefore, Plaintiffs are not a "consumer" with respect to the home loan.  Therefore,  Plaintiffs' DTPA claim should be dismissed.

**Attorney's Fees**

Finally, Wells Fargo asserts that it is entitled to summary judgment on Plaintiffs' claim for attorney's fees based upon the assumption that Plaintiffs' other claims would be dismissed.  Since the Court has not dismissed all of Plaintiffs' claims, this request for dismissal should also be denied.

It is therefore ORDERED that Wells Fargo Bank, N.A.'s Motion to Dismiss or, alternatively,

Motion for Summary Judgment (Dkt. #10) is hereby DENIED in part and GRANTED in part.

Plaintiffs' claim for violation of the DTPA shall be DISMISSED.  All other claims shall proceed.

**SIGNED this 18th day of November, 2011.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE