# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KEENAN EDWARD LUSK and<br>JANICE FAYE LUSK | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 4:11-CV-381<br>Judge Mazzant |
| WELLS FARGO BANK, NATIONAL<br>ASSOCIATION | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiffs' Motion to Strike (Dkt. #19), and Defendant's Objections to and Motion to Strike Declaration of Gary A. Armstrong (Dkt. #24). Having considered the relevant pleadings, the Court is of the opinion that Plaintiffs' Motion to Strike (Dkt. #19) should be denied, and Defendant's Objections to and Motion to Strike Declaration of Gary A. Armstrong (Dkt. #24) should be granted.

## BACKGROUND

This is a dispute over an attempted foreclosure on certain real property located at 6738 County Road 593, Nevada, Collin County, Texas. The facts of this case are set out in detail in a Memorandum Opinion and Order addressing Defendant's amended motion for summary judgment (Dkt. #18) issued contemporaneously with this order. On December 7, 2011, Defendant filed an amended motion for summary judgment (Dkt. #18). Plaintiffs filed a response and motion to strike on December 23, 2011 (Dkt. #19). On January 6, 2012, Defendant filed a reply (Dkt. #23), and response to Plaintiffs' motion to strike (Dkt. #24). On January 9, 2012, Defendant filed its objections to, and motion to strike, the declaration of Gary A. Armstrong (Dkt. #26). Plaintiffs did not file a response.

First, Plaintiffs object to portions of the affidavit of Jennifer Robinson ("Robinson").

Plaintiffs assert that Robinson testifies that the Note and Deed of Trust were assigned to Wells Fargo on October 7, 2008 (Dkt. #19 at 15; Dkt. #18-1, ¶ 6). Plaintiffs object to this statement because they allege Robinson has no personal knowledge to support this conclusion, and that it is a legal conclusion. Plaintiffs also object to paragraphs 5, 6, 7, and 8 of Robinson's affidavit, and assert that these paragraphs contain hearsay, since Robinson has no personal knowledge of the facts contained therein.

Federal Rule of Civil Procedure 56(c)(4) requires an affidavit to be made on "personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." However, personal knowledge may also be inferred from the affiant's position with the company. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005). A custodian of records is competent to testify from the business records as a corporate representative. *See* FED. R. CIV. P. 803(6); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000). Robinson is the Vice President of Loan Documentation for Wells Fargo Bank, N.A. (Dkt. #18-1, ¶ 2). Further, she is a custodian of records, and testifies that the records are kept by Wells Fargo in the regular course of business. *Id.*, ¶ 3. As a result of her review of the records in this case, it can be reasonably inferred that she has personal knowledge of the facts applicable to Plaintiffs' loan. Finally, the Court finds that none of the statements contained in paragraphs 5-8 are inadmissible hearsay. Therefore, Plaintiffs' objections to the affidavit of Jennifer Robinson are overruled, and Plaintiffs' motion to strike (Dkt. #19) is denied.

Defendant objects to paragraphs 1-6 of the affidavit of Gary A. Armstrong ("Armstrong") (Dkt. #26 at 1). Defendant contends that these paragraphs contain hearsay, lack a proper foundation and authentication, and are not based on personal knowledge. Plaintiff does not refute these

assertions.

As stated above, Federal Rule of Civil Procedure 56(c)(4) requires an affidavit to be made on "personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The paragraphs at issue indicated that Armstrong used the internet to obtain information from the Mortgage Electronic Registration System ("MERS") regarding Plaintiffs' loan. Armstrong is Plaintiffs' attorney in this dispute. Armstrong is not an officer or employee of the MERS system, and cannot testify regarding the authenticity or accuracy of such information. Armstrong's affidavit states, "While I cannot vouch for the accuracy of the MERS system, or the truth of the contents of the system, I am personally familiar with how to search for a property and loan on its system, having done so many times" (Dkt. #19-1, ¶ 4). The Court finds that these portions of the affidavit and the attached document are inadmissible hearsay and lack an appropriate foundation. *See In re Homestore.com, Inc.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) (holding that plaintiffs failed to authenticate documents printed from defendant's website without a statement or affidavit from someone with knowledge.). Therefore, the Court finds that Defendant's objections to paragraphs 1-6 are sustained.

Defendant also contends that paragraph 8 of Armstrong's affidavit should be stricken in its entirety because it contains hearsay, and lacks proper authentication. Defendant asserts that Armstrong has no personal knowledge to testify regarding the contents of the State Bar of Texas website or the accuracy of the information displayed there. The Court agrees, and finds that Defendant's objections to paragraph 8 are sustained. Therefore, Defendant's objections to, and motion to strike, the declaration of Gary A. Armstrong should be granted, and paragraph 1-6 and 8 be stricken in their entirety.

It is therefore ORDERED that Plaintiff's objections to the affidavit of Jennifer Robinson are OVERRULED, and Plaintiff's motion to strike (Dkt. #19) is DENIED.

It is further ORDERED that Defendant's objections to the affidavit of Gary A. Armstrong are SUSTAINED, and Defendant's objections to and motion to strike, the declaration of Gary A. Armstrong (Dkt. #26) is GRANTED.

**It is SO ORDERED.**
**SIGNED this 21st day of May, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE