# United States District Court
### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | | |
|---|---|---|
| KEENAN EDWARD LUSK and<br>JANICE FAYE LUSK | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 4:11cv381<br>(Judge Mazzant) |
| WELLS FARGO BANK, NATIONAL<br>ASSOCIATION | §<br>§<br>§ | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Wells Fargo Bank, N.A.'s ("Wells Fargo") Amended Motion for Summary Judgment (Dkt. #18). Having considered the relevant pleadings, the Court finds that the motion should be granted.

### Background

This is a dispute over an attempted foreclosure on certain real property located at 6738 County Road 593, Nevada, Collin County, Texas (the "Property"). On or about December 16, 2004, Plaintiff Janice Lusk executed a Note (the "Note") payable to Colorado Federal Savings Bank ("Colorado Federal") in the principal amount of $224,000, together with interest at the rate of 7.500% per year until the full amount of principal had been paid. To secure payment of the Note, a Deed of Trust ("Deed of Trust") was concurrently executed by the Plaintiffs. The Deed of Trust encumbered the Property. The beneficiary under the Deed of Trust was Mortgage Electronic Registration Systems, Inc.("MERS"), a separate corporation acting solely as "a nominee for Lender and Lender's successors and assigns." The Deed of Trust identified the role of MERS in securing the rights of the Lender, including the prospect of foreclosure, as follows:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law

or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

On July 18, 2005, Wells Fargo, doing business as America's Servicing Company, became the servicer on the Note. MERS, as nominee for Lender, assigned its beneficial interest in the Note and Deed of Trust to Wells Fargo, doing business as America's Servicing Company, effective October 7, 2008. Wells Fargo is the owner and holder of the Note.[1]

In July 2005, Plaintiffs fell behind in making payments on the Note. The Note was in default and Plaintiffs had not cured the default. On or about May 3, 2010, an Appointment of Substitute Trustee was executed, and on or about August 30, 2010, it was filed in the public records of Collin County, Texas, under instrument number 2010830000906240, authorizing the Substitute Trustee to proceed with any foreclosure sale related to the Property. The last payment on the Note was made in the amount of $1,913.09 on November 23, 2010, which was due for the February 2009 payment.

On or about April 29, 2011, Wells Fargo's foreclosure counsel, Barrett Daffin Frappier Turner & Engle, LLP ("Barrett Daffin") notified Plaintiffs that they were in default pursuant to the Note and terms of the Deed of Trust and that Wells Fargo intended to accelerate the Note. To cure the default, Plaintiffs were required to pay $55,871.97 within thirty (30) days. Plaintiffs did not make the payment.

On June 1, 2011, Plaintiffs filed the instant lawsuit in state court, asserting claims to quiet title, that Wells Fargo violated the Texas Fair Debt Collection Practices Act, and for declaratory

---

[1] In an earlier motion for summary judgment, this issue was contested and the Court found that Defendant failed to offer evidence to support this contention.

judgment. On June 22, 2011, Wells Fargo removed this case to this Court (Dkt. #1). On July 5, 2011, the Court entered its Order and Advisory, giving Plaintiffs an opportunity to file an amended complaint (Dkt. #8). Plaintiffs did not file an amended pleading. Since Plaintiffs have not complied with the Court's prior Order to file an amended complaint, the Court is not required to give Plaintiffs another opportunity to file an amended complaint, and will decide the motion based upon their state court petition.

On September 20, 2011, Defendant filed a motion to dismiss or alternative motion for summary judgment (Dkt. #10).[2] On October 7, 2011, Plaintiffs filed a response (Dkt. #12). After the parties consented, this case was referred to the undersigned on October 11, 2011 (Dkt. #13). On November 21, 2011, the Court issued a decision on the Defendant's motion, finding that Plaintiffs' claim for violation of the DTPA should be dismissed but that all other claims should remain (Dkt. #17).

On December 7, 2011, Defendant filed this amended motion for summary judgment (Dkt. #18). On December 23, 2011, Plaintiffs filed a response and motion to strike (Dkt. #19). On January 6, 2012, Defendant filed a reply (Dkt. #23) and response to Plaintiffs' objections to the summary judgment evidence (Dkt. #24). On January 9, 2012, Defendant filed its objections and motion to strike declaration of Gary A. Armstrong (Dkt. #26). Plaintiffs did not file a response.

---

[2] Wells Fargo moved for summary judgment on the following grounds: (1) Plaintiffs had no evidence to support their claim to quiet title and Plaintiffs are not entitled to the declaratory relief requested. Wells Fargo is the owner and holder of the Note, and Plaintiffs are in default under the terms of the Note and Deed of Trust and have failed to cure; (2) Plaintiffs' claim under the Texas Fair Debt Collection Practices Act ("TDCA") failed as a matter of law because foreclosure is not debt collection for purposes of the Act, and Wells Fargo did not violate the Act; and (3) Plaintiffs' Texas Deceptive Trade Practices Act ("DTPA") failed because Plaintiffs are not "consumers" as a matter of law. Wells Fargo also moved to dismiss asserting that Plaintiffs' petition fails to comply with Federal Rule of Civil Procedure 8(a).

**Summary Judgment Standard**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The nonmovant must adduce affirmative evidence. *See Anderson*, 477 U.S. at 257.

## Analysis

Wells Fargo again moves for summary judgment on the following grounds: (1) Plaintiffs have no evidence to support their claim to quiet title. Wells Fargo is the owner and holder of the Note, and Plaintiffs are in default under the terms of the Note and Deed of Trust and have failed to cure; (2) Plaintiffs' claim under the Texas Fair Debt Collection Practices Act ("TDCA") fails as a matter of law because foreclosure is not debt collection for purposes of the Act, and Wells Fargo did not violate the TDCA; and (3) Wells Fargo is entitled to summary judgment on Plaintiffs' claim for attorney's fees.

This case is currently set for pretrial and trial setting on July 9, 2012. This case presents an interesting issue. The parties do not dispute that a valid lien is held against the Property. The question is whether Wells Fargo owns the Note or has the authority as servicer to foreclose. If the answer to either of these questions is "yes," Plaintiffs lose. Plaintiffs are obligated to pay someone, and the only question in this case is whether the proper entity is Wells Fargo. After reviewing the admissible summary judgment evidence, the Court finds that there are not material fact issues that the Court can resolve at the bench trial. Therefore, the amended motion is granted.

**Suit to Quiet Title and Trespass to Try Title**

Wells Fargo asserts that the summary judgment evidence proves that Wells Fargo is the owner of the Note. "To prevail in a trespass-to-try-title action, Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted).

"The pleading rules are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title." *Id.* (citation omitted).

A suit to quiet title is an equitable remedy to clarify ownership by removing clouds on the title. *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007). To establish a claim for suit to quiet title, Plaintiff must show the following: (1) an interest in specific property; (2) that title to the property is affected by a claim by the defendant; and (3) that the claim, although facially valid, is invalid or unenforceable. *Sadler v. Duvall*, 815 S.W.2d 285, 293, n.2 (Tex. App.–Texarkana 1991, pet. denied). An adverse claim, to constitute a cloud on the title removable by the court, must be one that is valid on its face but is proved by extrinsic evidence to be invalid or unenforceable. *Id.*

Plaintiffs have failed to produce summary judgment evidence of their superiority of title. Wells Fargo has submitted documents and summary judgment evidence demonstrating its ownership of the Note. The Note was indorsed by the original lender, Colorado Federal Savings Bank, to DLJ Mortgage Capital, Inc., and then by DLJ Mortgage Capital, Inc., in blank. "When indorsed in blank, an instrument becomes payable to [the] bearer and may be negotiated by transfer of possession alone." Tex. Bus. & Comm. Code § 3.205(b). The "holder" of a negotiable mortgage note is "the person in possession of [the mortgage note] that is payable either to bearer or to an identified person that is the person in possession." Tex. Bus. & Comm. Code § 1.201(b)(21). Because Wells Fargo is in possession of the Note, which is indorsed in blank, Wells Fargo is the holder of the instrument and is entitled to enforce it as a matter of law.

Moreover, under the Texas Property Code, a mortgagee may authorize a mortgage servicer to service a mortgage and conduct a foreclosure sale. *See* Tex. Prop. Code. Ann. § 51.0025. MERS

is a mortgagee under the Texas Property Code. *See* Tex. Prop. Code Ann. § 51.0001(4). Since the Deed of Trust identifies MERS as the beneficiary and the nominee for the original lender and its successors and assigns, this makes MERS a mortgagee under the Texas Property Code. As a mortgagee, MERS could authorize Defendant to service the loan and foreclose, regardless of whether MERS was the true owner of the Note. In addition, Plaintiffs point to no provision of the Texas Property Code that requires a mortgagee or mortgage servicer to produce the original note or deed of trust before conducting a non-judicial foreclosure. *See Sawyer v. Mortg. Elec. Registration Sys., Inc.*, No. 3-09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010).[3]

The Deed of Trust was assigned to Wells Fargo. Even if the assignment was not effective until January 2009, it is still undisputed that the Deed of Trust was assigned to Wells Fargo. There is no evidence that Stephen Porter lacked authority to execute the assignment, and there is no evidence raising a fact issue over his authority. Moreover, when a mortgage note is transferred, the mortgage is also automatically transferred to the mortgage note transferee pursuant to the general common law rule that "the mortgage follows the note." *J.W.D., Inc. v. Federal Ins. Co.*, 806 S.W.2d

---

[3] Wells Fargo is not required to hold the Note in order to enforce the Deed of Trust. *See Carter v. Gray*, 81 S.W.2d 647, 648 (Tex. 1935) (cited for proposition that Texas law has long recognized that the foreclosure of a lien is a separate and distinct right from a suit to collect a debt). Courts in Texas have repeatedly recognized that Texas law allows either a mortgagee or a mortgage servicer to administer a deed of trust foreclosure without production of the original note. *See Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *3 (W.D. Tex. Apr. 26, 2011); *Coleman v. Bank of America, N.A.*, No. 3-11-CV-0430-GBD, 2011 WL 2516169, at *2 (N.D. Tex. May 27, 2011), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. June. 22, 2011); *Dillard v. Mortg. Elec. Registration Sys., Inc.*, No. 3-10-CV-0091-N, slip op. at 4 n.1 (N.D. Tex. Apr. 16, 2010), *appeal dismissed*, No. 11-10069 (5th Cir. Apr. 21, 2011); *Sawyer v. Mortg. Elec. Registration Sys.,* No. 3-09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010); *Athey v. Mortg. Elec. Registration Sys.*, 314 S.W.3d 161, 165-66 (Tex. App.-Eastland 2010, pet. denied); Tex. Prop. Code § 51.002(a)-(h) (setting forth requirements for non-judicial foreclosure in Texas, which do not include producing original note). Defendants were authorized to enforce the deed of trust, regardless of whether it held the underlying note. *See Broyles v. Chase Home Finance*, No. 3:10-CV-2256-G, 2011 WL 1428904, at *3 (N.D. Tex. Apr. 13, 2011).

327, 329-30 (Tex. App.–Austin 1991, no writ). As stated in the official comments to Texas Business and Commerce Code § 9.203(g), the section "codifies the common-law rule that a transfer of an obligation secured by a security interest or other lien on personal or real property also transfers the security interest or lien." Tex. Bus. & Comm. Code § 9.203, cmt. 9. Texas courts have affirmed and applied the "mortgage follows the note" rule in cases where the mortgage assignment was not recorded by the transferee and even where there was no actual separate written assignment of the mortgage. *See Kirby Lumber Corp. v. Williams*, 230 F.2d 330, 333 (5th Cir. 1956); *J.W.D., Inc*, 806 S.W.2d at 329-30. The ability to foreclose on a deed of trust is transferred when the note is transferred, not when an assignment of deed of trust is either prepared or recorded. *J.W.D., Inc*, 806 S.W.2d at 329-30. The summary judgment evidence conclusively establishes that Wells Fargo is the holder of the Note and that it is entitled to foreclose on the Property.

Wells Fargo also asserts that Plaintiffs lack standing to challenge the assignment because Plaintiffs do not allege they are parties to the assignment that is being contested. A good explanation of MERS and Texas law can be found in *Richardson v. CitiMortgage, Inc.*, No. 6:10-cv-119, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010). U.S. Magistrate Judge Judith K. Guthrie explained as follows:

> Under Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale. *Athey v. MERS*, 314 S.W.3d 161, 166 (Tex. App.-Eastland 2010). MERS was the nominee for Southside Bank and its successors and assigns. MERS had the authority to transfer the rights and interests in the Deed of Trust to CitiMortgage. The Plaintiffs' complaints about the role of MERS in this matter lack merit.
>
> It is further noted that the role of MERS has been the subject of federal multidistrict

litigation in *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, 659 F. Supp.2d 1368 (U.S. Jud. Pan. Mult. Lit. 2009). The MERS system is merely an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans. *Id.* at 1370. The system is designed to track transfers and avoid recording and other transfer fees that are otherwise associated with the sale. *Id.* at 1370 n. 6. MERS is defined in Texas Property Code § 51.0001(1) as a "book entry system," which means a "national book system for registering a beneficial interest in security instrument and its successors and assigns." As noted in *Athey*, mortgage documents provide for the use of MERS and the provisions are enforceable to the extent provided by the terms of the documents. The role of MERS in this case was consistent with the Note and Deed of Trust.

The Court agrees that Plaintiffs lack standing to contest any assignment. Recently, a court addressed this issue and found as follows:

> Plaintiff has no standing to contest the various assignments as she was not a party to the assignments. Even if she has standing, her allegations are without merit because MERS was given the authority to transfer the documents in the Deed of Trust. The Restatement (3d) of Property offers no support for Plaintiff's claims. As MERS is a beneficiary and nominee for both the originating lender and its successors and assigns by the express language in the Deed of Trust, the situation falls within an exception to the general rule that a party holding only the deed of trust cannot enforce the mortgage. See Comment e to the Restatement (3d) of Property (Mortgages) § 5.4. Section 5.4 additionally notes that a "transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise." Plaintiff makes no allegations that the parties in this case agreed otherwise. Finally, while the Note may not specifically mention MERS, the Note and Deed of Trust must be read together in evaluating the terms…thus, the Note and Deed of Trust are construed together as a single instrument.

*Eskridge v. Fed. Home Loan Mortgage Corp. et al.*, No. W-10-CA-285, 2011WL2163989, at *5 (W.D. Tex. Feb. 24, 2011).

The assignment of the Note and Deed of Trust and affidavit testimony establish Wells Fargo's ownership. Plaintiffs cannot present any admissible summary judgment evidence raising

an issue of material fact precluding judgment as a matter of law in favor of Defendant on both Plaintiffs' suit to remove a cloud from title to real property and their request for a declaration that Defendant is not the proper owner of the Note.

**Texas Debt Collection Act Claim**

Plaintiffs allege that Wells Fargo is not entitled to collect the Note at all, which means it had no right to accelerate, no right to demand payment, and no right to assert fees or costs, including collection fees and costs. Essentially, Plaintiffs admit that their TDCA claims are based upon Wells Fargo being unable to enforce the Note. Because the Court has found that Wells Fargo is entitled to enforce the Note, both as the owner/holder of the Note and as the servicer of the loan, Plaintiffs' TDCA claim fails as a matter of law.

**Attorney's Fees**

Finally, Wells Fargo asserts that it is entitled to summary judgment on Plaintiffs' claim for attorney's fees based upon the assumption that Plaintiffs' other claims would be dismissed. Since the Court has dismissed all of Plaintiffs' claims, this request for dismissal should also be granted.

It is therefore ORDERED that Wells Fargo Bank, N.A.'s Amended Motion for Summary Judgment (Dkt. #18) is hereby GRANTED and Plaintiffs' case is hereby DISMISSED with prejudice.

**SIGNED this 21st day of May, 2012.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE